## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **KATINA ROCHELLE CANDRICK,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:21-CV-994-P** |
| | § | |
| **MICHAEL CARR, Warden,** | § | |
| **FMC-Carswell,** | § | |
| **Respondent.** | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Katina Rochelle Candrick, a federal prisoner who was confined at FMC-Carswell when the petition was filed, against Michael Carr, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for mootness.

## I. BACKGROUND

Petitioner was confined pursuant to her 2014 convictions in the Western District of Texas for unlawful possession of a fraudulent identification document and conspiracy to commit identity theft. *See* J., United States v. Candrick, PACER, U.S. Party/Case Index, Criminal Docket for # 6:09-cr-00178-ADA-1, ECF No. 84. By way of this petition, Petitioner requests the Court compel the Bureau of Prisons (BOP) to consider her for immediate placement in a residential reentry center (RRC), formerly known as community corrections centers, under the Second Chance Act based upon the factors contained in 18 U.S.C. §3621(b). Pet. 8, ECF No. 1.

## II. DISCUSSION

Through the Second Chance Act, which became effective April 9, 2008, Congress amended 18 U.S.C. § 3624(c)(1) so as to increase the maximum time for pre-release RRC placement to twelve months and to require "the BOP to make placement decisions on an individual basis consistent with the criteria set forth in the statute." *Santos v. Berkebile,* No. 3:08-CV-0192-D, 2008 WL 2330920, at *2 n.3 (N.D.Tex. 2008) (accepting findings of Mag. J.). However, federal habeas-corpus relief is available only where the petitioner demonstrates that he or she is in custody in violation of his or her constitutional or other federal rights. 28 U.S.C. § 2241(c). Notwithstanding a prisoner's eligibility for pre-release RRC placement, it is well settled that there is no constitutionally protected right of a convicted person to early release under 18 U.S.C. § 3624(c) or to be confined in any particular place. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197, 2010 WL 3835235, at *2, Y (N.D. Tex. 2010), *R. & R. adopted,* 2010 WL 3835148 (N.D. Tex. 2010). In addition, "nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to a guaranteed placement" in a RRC. *See Creager v. Chapman,* No. 4:09-CV-0713-A, 2010 WL 1062610, at *3 (N.D. Tex. 2010).

Although Respondent asserts that the petition should be dismissed for failure to exhaust administrative remedies, BOP records indicate that Petitioner is no longer confined at FMC-Carswell and has been released to a RRC or halfway house managed by Dallas RRM. *See* U.S. Department of Justice, Federal Bureau of Prisons/Inmate Locator, *available*

*at* http://www.bop.gov (last visited Dec. 3, 2021). As of this date, Petitioner has not notified the court of her current address or whereabouts. Moreover, Petitioner's release to a RRC has rendered her habeas petition moot. *Bailey v. Southerland,* 821 F.2d 277, 278–79 (5th Cir. 1987). Because this Court can no longer provide her with the relief she seeks, dismissal of the petition is appropriate. *McRae v. Hogan,* 576 F.2d 615, 616–17 (5th Cir. 1978).

## III.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** as moot.

**SO ORDERED** on this **3rd day** of **December, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

3